1  **PARKER MILLS LLP**
   David B. Parker (SBN 072192)
2  parker@parkermillsllp.com
   Joel A. Osman (SBN 106549)
3  osman@parkermillsllp.com
   800 W. 6th Street, Suite 500
4  Los Angeles, California 90017
   Telephone: (213) 622-4441
5  Facsimile: (213) 622-1444

6  Attorneys for Defendant
   **LEVENE, NEALE, BENDER, YOO &**
7  **BRILL, L.L.P,, a California limited**
   **liability partnership**

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  HOWARD L. ABSELET, an individual       **CV 16-6263-JFW (JEMx)**
    and derivatively on behalf of
13  ROOSEVELT LOFTS, INC.                   [Assigned to the Hon. John F. Walter]

14            Plaintiff,                    **LEVENE, NEALE, BENDER, YOO**
                                            **& BRILL L.L.P.'S NOTICE OF**
15  v.                                      **MOTION AND MOTION TO**
                                            **DISMISS  COMPLAINT**
16  LEVENE, NEALE, BENDER, YOO &            **PURSUANT TO FRCP 12(b)6 OR IN**
    BRILL, LLP, a California limited        **THE ALTERNATIVE FOR A**
17  liability partnership; et al.           **MORE DEFINITE STATEMENT**
                                            **OF FACTS PURSUANT TO FRCP**
18            Defendants,                   **12(e); MEMORANDUM OF POINTS**
                                            **AND AUTHORITIES IN SUPPORT**
19  ─────────────────────────────          **THEREOF**

20                                          DATE:      November 14,  2016
                                            TIME:      1:30 pm
21                                          CTRM:      16

22                                          [Filed Concurrently with Declaration of
                                            Joel A. Osman and Request for Judicial
23                                          Notice]

24

25        **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

26        **PLEASE TAKE NOTICE THAT** on November 14,  2016 at 1:30 p.m. in

27  Courtroom 16 of the above entitled Court located at 312 Spring Street, Los Angeles,

28  California 90012, Defendant LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

("LNBYB") will bring on for hearing its Motion to Dismiss the Complaint (the "Motion") filed by HOWARD L. ABSELET pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), or in the alternative for a more definite statement of facts pursuant to FRCP 12(e).

Through this Motion, LNBYB respectfully seeks the following relief:

1.     Dismissal of the Complaint for failure to state specific facts as to LNBYB, and failure to state claims upon which relief can be granted (FRCP 12(b)(6)); or in the alternative for,

2.     An order for a more definite statement (FRCP Rule 12(e)).

This Motion is supported by this notice of motion and motion, the attached memorandum of points and authorities, all of the files and pleadings on file in this matter, the Declaration of Joel A. Osman with associated exhibits filed concurrently herewith, the matters for which the Court is requested to take judicial notice, and any oral argument that may be considered at hearing on this matter.

DATED: October 14, 2016          **PARKER MILLS LLP**

By: _____/S/ Joel A. Osman_____
          Joel A. Osman
          Attorneys for Defendant
          **LEVENE, NEALE, BENDER, YOO &**
          **BRILL, L.L.P. a California limited**
          **liability partnership**



# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      MEET & CONFER ......................................................................................... 1

II.     SUMMARY OF ARGUMENT ...................................................................... 1

III.    FACTUAL BACKGROUND ALLEGED WHICH IS RELEVANT TO
        THE CLAIMS AGAINST LNBYB ............................................................... 4

IV.     THE AGENCY ALLEGATIONS ARE INSUFFICIENT TO STATE A
        CLAIM AGAINST ANY DEFENDANT BASED UPON ANY
        AGENCY THEORY. ..................................................................................... 10

V.      THE STATUTE OF LIMITATIONS BARS EACH OF THE CLAIMS
        AGAINST LNBYB ....................................................................................... 11

VI.     THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS TO
        STATE A CLAIM .......................................................................................... 13

VII.    THE SECOND CLAIM FOR FRAUDULENT TRANSFER IS
        BARRED BY THE STATUTE OF LIMITATIONS AND FAILS TO
        STATE FACTS UPON WHICH RELIEF CAN BE GRANTED .................. 14

VIII.   THE THIRD CLAIM FOR RELIEF FOR COMMON LAW
        FRAUDULENT TRANSFER IS BARRED BY THE APPLICABLE
        STATUTE OF LIMITATIONS ..................................................................... 15

IX.     THE FOURTH CLAIM FOR RELIEF FAILS TO ESTABLISH THAT
        LNBYB WAS A PARTY TO THE CONTRACT IT ALLEGEDLY
        BREACHED ................................................................................................... 16

X.      THE FIFTH CLAIM FAILS TO ALLEGE A CONVERSION AND IS
        BARRED BY THE STATUTE OF LIMITATIONS ...................................... 17

        A.      This Claim Fails to Allege a Conversion as a Matter of Law .............. 17

        B.      Statute of Limitations ........................................................................... 17

XI.     THE SIXTH CLAIM FOR RELIEF FOR MONEY HAD AND
        RECEIVED FAILS TO STATE A CLAIM AND IS BARRED BY
        THE STATUTE OF LIMITATIONS ............................................................. 18

        A.      No Claims Stated ................................................................................... 18

        B.      Statute of Limitations ........................................................................... 18

XII.    THE SEVENTH CLAIM FOR INTENTIONAL INTERFERENCE
        WITH CONTRACT IS BARRED BY THE STATUTE OF
        LIMITATIONS .............................................................................................. 19

XIII.   THE EIGHTH CLAIM FOR RELIEF (FRAUDULENT TRANSFERS
        AND CONVERSION-SHAREHOLDER DERIVATIVE) ARE

i

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)6**

P
M  PARKER
   MILLS LLP

   TRIAL LAWYERS
   BUSINESS LAWYERS

BARRED FOR ALL REASONS STATED ABOVE AND BECAUSE PLAINTIFF WAS NOT A SHAREHOLDER AT THE TIME OF THE ALLEGED TRANSFERS AND OR CONVERSIONS ................................. 19

XIV.  IN THE ALTERNATIVE LNBYB MOVES PURSUANT TO FRCP 12 (E) FOR A MORE DEFINITIVE STATEMENT ...................................... 21

XV.  CONCLUSION ............................................................................. 21

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ashcroft* v. *Iqbal*
(U.S. 2009) 556 U.S. 662, 678 ..................................................... 10

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ..................................................... 13

*Clegg v. Cult Awareness Network*
(9th Cir. 1994) 18 F.3d 752 ..................................................... 10

*DC Comics v. Pac. Pictures. Corp.*
(C.D. Cal. 2013) 938 F. Supp. 2d 948 ..................................................... 19

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
(ED CA 1981) 525 F. Supp. 940 ..................................................... 13

*Mangrindin v. Wash. Mut. Bank*
(N.D. Cal 2009) 637 F. Supp. 2d 700 ..................................................... 14

*Ward v. Thomas*
(2d Cir, 1988) 207 F.3d 35 ..................................................... 14

**STATE CASES**

*AmerUS Life Ins. Co. v. Bank of Am., N.A.*
(2006) 143 Cal.App.4th 631 ..................................................... 17

*David Welch Co. v. Erskine & Tulley*
203 Cal.App.3d 884 ..................................................... 11

*Lee v. Hanley*
(2015) 61 Cal.4th 1225 ..................................................... 11, 12, 17

*Quintilliani v. Mannerino*
(1998) 62 Cal.App.4th 54 ..................................................... 12

*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC,* 225
Cal.App.4th 660 ..................................................... 11

*Schultz v. HarneY*
(1994) 27 Cal.App.4th 1611 ..................................................... 18

*Trembath v. Digardi*
(1974) 43 Cal.App.3d 834 ..................................................... 19

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

*Valley Co. v. Global Grain and Milling Co.*
    (1921) 187 Cal. 352 ............................................................................... 17

## OUT OF STATE CASES

*Balderama v. Pride Industries, Inc.*
    (W.D. Tex. 2013) 963 F. Supp. 2d 646 ........................................... 21

## STATUTES

.C.C.P. §338 (d) .................................................................................. 15

C.C.P §§ 340.6 and 338 ......................................................................... 3

C.C.P. §340.6 ............................................................................. 2, 11, 13

C.C.P. §3439.04(a)(1) ......................................................................... 3, 4

Civil Code §3439.04 ............................................................................ 14

## FEDERAL STATUTES

FRCP 12(b)(6) ..................................................................................... 21

FRCP 12(e) ........................................................................................... 4

## TREATISES

*California Practice Guide: Federal Civil Procedure Before Trial* para
    9:347,4 pp. 9-127 ........................................................................... 21

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)6**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   MEET & CONFER

As set forth in the Declaration of Joel A. Osman served and filed concurrently herewith, on September 30, 2016 Joel A. Osman, counsel for moving Defendants and Andrew F. Kim, counsel for Plaintiff, met and conferred in an effort to resolve the issues presented in this motion short of filing this motion. After an extensive and complete discussion of each of the issues presented herein counsel were unable to resolve their differences regarding these issues and mutually concluded that it would be necessary to seek the Court's guidance by way of this motion.

### II.   SUMMARY OF ARGUMENT

The Plaintiff has been in a litigation war with certain of the other Defendants named in this action, and has now erroneously extended that war to Defendant Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB").  However, as shown below, and as is evident from the face of the Complaint, the claims are all barred by the statute of limitations because: Plaintiff has had actual knowledge of the events alleged in the Complaint since as early as early February 2012; LNBYB is not a party to any contract; and equally problematic, Plaintiff fails to state any claim for which relief can be granted as to LNBYB.

Beginning in 2008  Plaintiff Howard Abselet (alternatively herein "Plaintiff" or "Abselet") loaned a total of $6 million to an entity called Alliance Lending Group, Inc. The principals of Alliance Lending Group, Inc. were Solyman Yashouafar and M. Aaron Yashouafar (collectively, the "Yashouafars")(Complaint ¶ 24). When Alliance Lending Group, Inc., defaulted on its loans Plaintiff brought suit against it and its principals, the Yashouafars in this court on January 27, 2011 (the "First District Court Case")( Complaint ¶26). In February 2012, a Settlement Agreement was entered into among Plaintiff, Alliance and the Yashouafars to resolve the First District Court Case (Complaint ¶27).

1

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

P
M PARKER MILLS LLP
TRIAL LAWYERS BUSINESS LAWYERS

Concurrent with the execution of the Settlement Agreement[1] in the First District Court Case, the Yashouafars  provided the Plaintiff with a letter which purported to be irrevocable instructions confirming the Yashouafars'  payment obligation to Abselet under the Settlement Agreement (the "Letter").  Pursuant to the Letter LNBYB was irrevocably instructed and directed to disperse to Howard L. Abselet 46.73% (the Yashouafar Parties' purported interest in Roosevelt Lofts, Inc. ("RLI"),  as the sole equity holder of Roosevelt Lofts L.L.C. ("RLL") of all funds otherwise payable to RLI from a Class Action Reserve established pursuant to a Plan of reorganization adopted in the bankruptcy of RLL. (Complaint ¶ 29)

There were several problems with Plaintiff's purported payment plan as provided in the Letter.  **First**, LNBYB was not a party to the Letter; **Second,** the Letter was not signed by any of the members of RLL or its sole member, RLI; **Third,** Plaintiff never had any claim or right to payment from RLL or RLI; **Fourth**, the other members of RLI disputed the Yashouafars' interest in RLI; and **Fifth**, the Letter was never submitted to the bankruptcy court for approval.  Any of these problems, alone or in conjunction with one another, defeat any claim alleged by Plaintiff against LNBYB herein, and more problematic, the claims are all barred by the applicable statute of limitations.  Accordingly, the Complaint should be dismissed with prejudice.

As discussed in detail below, the Complaint fails to state valid claims for relief as against LNBYB for the following reasons, each:

1.      The allegations of "agency" amongst the various defendants are nothing more than conclusory boilerplate language which violate FRCP 11 and are insufficient on their face to support any claim for relief.

2.      The First Claim for Declaratory Relief as against LNBYB is barred by the applicable statute of limitations (California Code of Civil Procedure §340.6) and

---

[1]   The Settlement Agreement is Exhibit No. 3 to the Request for Judicial Notice filed by Plaintiff in the underlying Bankruptcy matter.



1 is improperly pled, both in its lack of necessary facts and its attempt to apply the

2 Declaratory Relief Act to certain enumerated "disputes."

3     3.    The Second Claim for Actual Fraudulent Transfers as against LNBYB

4 is barred by the applicable statutes of limitations (California Code of Civil

5 Procedure §340.6 and California Civil Code §3439.04(a)(1)).

6     4.    The Third Claim for Common Law Actual Fraudulent Transfer as

7 against LNBYB is barred by the applicable statutes of limitations (California Code

8 of Civil Procedure §§ 340.6 and 338).

9     5..    The Fourth Claim for Breach of Written Contract fails to allege facts

10 sufficient to establish the existence of a written contract between Plaintiff and

11 LNBYB or, alternatively, to establish that Plaintiff is a third party beneficiary of any

12 contract to which LNBYB is a party.

13     6.    The Fifth Claim for Conversion as against LNBYB fails to state facts

14 sufficient to establish a claim against  LNBYB and is barred by the applicable

15 statutes of limitations (California Code of Civil Procedure §§ 340.6 and 338).

16     7.    The Sixth Claim for Money Had and Received as against LNBYB fails

17 to state facts sufficient to establish a claim against LNBYB and is barred by the

18 applicable statutes of limitations (California Code of Civil Procedure §§ 340.6 and

19 338).

20     8.    The Seventh Claim for Intentional Interference with Contract  as

21 against LNBYB fails to state facts sufficient to establish a claim against LNBYB

22 and is barred by the applicable statutes of limitations (California Code of Civil

23 Procedure §§ 340.6).

24     9.    The Eighth  Claim for Fraudulent Transfers and Conversion-

25 Shareholder Derivative fails to state a claim as to LNBYB in that it fails to establish

26 that plaintiff was a Shareholder at the time of the allegedly fraudulent transfers and

27

28

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

1  conversions and is barred by the applicable statutes of limitations (California Code
2  of Civil Procedure §§ 338, 340.6 and California Civil Code §3439.04(a)(1))[2].

3      LNBYB believes that dismissal with prejudice is appropriate. If the Court is
4  not inclined to dismiss the Complaint at this time, then in the alternative, pursuant to
5  FRCP 12(e), and notwithstanding the length and  apparent complexity of the current
6  pleading, LNBYB respectfully requests this Court order the Plaintiff to provide a
7  more definite statement regarding the facts of the Plaintiff's claims against LNBYB
8  and in particular, how such claims are not barred by the applicable statutes of
9  limitation or what facts Plaintiff contends support such claims for relief against
10 LNBYB.

11 **III.   FACTUAL BACKGROUND ALLEGED WHICH IS RELEVANT TO**
12 **THE CLAIMS AGAINST LNBYB**

13     The Complaint purports to set forth extensive background facts in support of
14 the purported Claims for Relief stated therein. The great bulk of these facts have
15 nothing to do with LNBYB, thus highlighting the manufactured nature of the claims
16 alleged against LNBYB. The limited facts relevant to LNBYB's  involvement in the
17 matters allegedly at issue herein are as follows:

18     LNBYB is a California limited liability partnership with its principle place of
19 business in this district (Complaint ¶ 20). LNBYB **IS NOT** the agent and/or
20 employee of each the remaining defendants as alleged in paragraph 22 of the
21 Complaint.

22     LNBYB is bankruptcy counsel to Roosevelt Lofts, LLC ("RLL") the now
23 Reorganized Debtor in a Chapter 11 bankruptcy case pending in the United States
24 Bankruptcy Court, Central District of California, San Fernando Valley Division

25

26 [2]    Plaintiff's acquisition of an interest in RLI in or about February 2015, three years
27 after the events alleged in the Complaint does not cure the numerous defects noted
    herein.
28



**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)6**

(Case No.: 1:09-bk-14214-GM) (the "RLL Bankruptcy Case") (Complaint ¶¶ 35, 36, 37) . The equity of Roosevelt Lofts, LLC is held by Roosevelt Lofts, Inc. ("RLI")(Complaint ¶¶4, 28). Equity in RLI is held by the Yashouafars (Complaint ¶¶32,33),  the Barlava family (Complaint ¶10) and, according to Plaintiff, the Nourmands (Complaint ¶11, 12, 13). There is and at all relevant times has been a dispute between the Yashouafars and Barlavas as to the extent to which both held equity in RLI (Complaint ¶¶ 55, 56, 57). With respect to these facts and others alleged below, LNBYB has filed concurrently with this Motion its Request for Judicial Notice ("RJN") by which it asks this Court to take judicial notice of a prior Request for Judicial Notice filed by Plaintiff's counsel in the RLL Bankruptcy Case on or about July 9, 2013. The prior Request for Judicial Notice is Exhibit No. 1 to LNBYB's RJN herein. For the sake of convenience and clarity specific references to exhibits herein should be understood to be references to the exhibits as enumerated by counsel for Plaintiff in the Request for Judicial Notice it filed in the bankruptcy action which is collectively annexed to the RJN as Exhibit No. 1, filed by LNBYB concurrently herewith.

Debtor Roosevelt Lofts, LLC's Second Amended Chapter 11 Plan of Reorganization (Dated June 20, 2011), As Modified (the "Plan") entered in the RLL Bankruptcy Case provided for the establishment of a reserve (the "Class Action Reserve") with funds in the sum of $16 million for the purpose of paying allowed Class 2 Mechanics Lien Claims and the allowed fees of Class Action Counsel. The provisions in the Plan relating to the Class Action Reserve are set forth in Section 3.2 .B of the Plan.

As Debtor's counsel, LNBYB is the court appointed custodian of the funds in the Class Action Reserve and is charged with distributing the funds pursuant to the terms of the court-approve Plan. The Plan requires that funds be maintained in the Class Action Reserve at all times in an amount equal to the lesser of (i) $16 million or (ii) the remaining balance in the Class Action Reserve after payment of allowed

1 Mechanics' Lien Claims, not to exceed 150% of the aggregate amount of the

2 unresolved Mechanics' Lien Claims. This required balance is defined in the Plan as

3 the Class Action Reserve Threshold Amount. The Plan further provides that "any

4 Cash in the Class Action Reserve which is in excess of the Class Action Reserve

5 Threshold Amount **shall** be distributed as part of the RLI payment or to RLI at any

6 time following the effective date as long as the appropriate Class Action Threshold

7 Amount is maintained in the Class Action Reserve." *See*, Section 3.2.B of the Plan

8 (emphasis added). The Plan is Exhibit No. 2 to the Request for Judicial Notice filed

9 by Plaintiff in the RLL Bankruptcy Case.

10      The Plan does not provide for any payment to Abselet in any capacity.

11 Abselet never sought approval from the Bankruptcy Court to direct LNBYB to make

12 any distribution to Abselet pursuant to the Letter.  The Letter is in violation of the

13 Plan, and is antithetical to the purpose of the Class Action Reserve. To this end,

14 Plaintiff was advised in November 2012 that LNBYB could not make any

15 distributions to Plaintiff from the Class Action Reserve (Complaint ¶44).

16      Pursuant to the Letter, only a portion of payments to be made pursuant to the

17 Settlement Agreement was to come from the Class Action Reserve of the Roosevelt

18 Lofts, LLP bankruptcy estate. Specifically, Plaintiff was to receive an amount not to

19 exceed $750,000 from distributions, if any, paid to the Yashouafars from the Class

20 Action Reserve. However, no payments were to be made to any of the Yashouafars

21 from the Class Action Reserve and neither Abselet nor the Yashouafars requested

22 that the Bankruptcy Court modify the existing Plan to provide for any alternative

23 distribution scheme. Thus, regardless of its content or intent, the Letter cannot

24 circumvent the clear language of the Plan.  Indeed, when belatedly presented with

25 the request in August 2013, Judge Mund declined to order that any funds by

26 distributed to Abselet from the Class Action Reserve.  (See, RJN at Exhibit 6.)

27      Although Plaintiff delivered a copy of the Letter to LNBYB on April 6, 2012

28 (Complaint ¶29) these instructions do not constitute a contract by which LNBYB

1  was bound or in any way altered the duties of LNBYB with respect to any

2  distributions from the Class Action Reserve.

3       Apparently, within months of execution of the Settlement Agreement the

4  Yashouafars defaulted on their payment obligations to Plaintiff under the terms of

5  the Settlement Agreement. As a result, this Court entered a Second Amended

6  Judgment on August 10, 2012 in favor of Plaintiff awarding damages against the

7  Yashouafars in the sum of $5,986,580.20 with interest commencing on June 9, 2012

8  plus attorney fees and costs in an additional sum of $800,000. The Second Amended

9  Judgment is Exhibit No. 5 to the Request for Judicial Notice filed by Plaintiff in the

10  underlying RLL Bankruptcy Case.

11       Between April 6, 2012 and February 20, 2013 LNBYB made a variety of

12  disbursements from the Class Action Reserve account as directed by RLI. Both prior

13  to and following delivery of the Letter to LNBYB Plaintiff was advised of a dispute

14  among the equity holders of RLI (i.e. the Yashouafar and Barlava families)

15  regarding their respective interests in RLI and entitlement to disbursements made

16  from the Class Action Reserve to RLI. Given these disputes LNBYB sought and

17  obtained authority from both the Yashouafars and Barlavas for all disbursements

18  made from the Class Action Reserve to or for the benefit of RLI after April 6, 2012.

19  The request for payment to Plaintiff in the Letter was not approved by the members.

20       In November, 2012, Plaintiff, through his then counsel, was advised that

21  although distributions were being made to RLI, no payment would be made to

22  Abselet. Since then Plaintiff through his counsel has been aware that  distributions

23  were being made from the Class Action Reserve to RLI and not Abselet. Evidence

24  establishing this includes:

25       (1).    On **November 1, 2012** LNBYB emailed Plaintiff's then counsel stating

26            that a payment was about to be made to Plaintiff from the Class Action

27            Reserve pursuant to the Letter. The following day LNBYB sent a second

28

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)6**

email asking Plaintiff's then counsel to disregard the prior email, indicating no payment would be made to Abselet (Complaint ¶44).

(2).    On or about **January 6, 2013** Plaintiff made an application to this court to take a Judgment Debtor Exam of Juliet Oh of LNBYB (as a third party witness) to inquire about transfers from the Class Action Reserve. Exhibit No. 2 to the RJN is a true and correct copy of the Plaintiff's application filed with this court to take such Judgment Debtor Examination of Third Party Witness, LNBYB.

(3).    On **January 29, 2013**, worried that the amount of its claim might exceed the balance in the Class Action Reserve,  the Los Angeles Community College District ("LACCD")[3], a creditor in the RLI bankruptcy, requested that the Bankruptcy Court enter an order (the "Freeze Order") which prohibited any further money to be paid from the Class Action Reserve to the Class 6 equity holders (i.e. RLI) under the Plan without further order of the Bankruptcy Court.

(4).    On **February 20, 2013** the Bankruptcy Court entered the requested Freeze Order. A true and correct copy of the Freeze Order is attached as Exhibit No. 5 to the RJN. Page 4 of that exhibit includes a proof of service which indicated the Plaintiff's counsel Mark Neubauer received a copy of the Freeze Order. The Freeze Order did not prevent LNBYB from disturbing funds from the Class Action Reserve to holders of allowed Mechanics' Lien Claims. Accordingly, following the entry of the Freeze Order, LNBYB

---

[3]   The request was made by the LACCD based upon its concern that the balance in the Class Action Reserve might not be sufficient to satisfy its claim. Following trial, the LACCD's claim was liquidated in an amount of approximately $675,000 and is presently on appeal.  However, the balance in the Class Action Reserve is approximately $1,750,000, which is more than sufficient to pay the LACCD Claim, and leaves a balance for distribution to RLI as provided in the Confirmed Plan.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

continued to make distributions from the Class Action Reserve to remaining Class 2 mechanics' lien claimants, but made no other distributions.

(5).    On **February 27, 2013** Juliet Oh of LNBYB sent an email to Plaintiff's counsel Mark Neubauer. Attached to the email was a zip file production of documents which included the general ledger for the Class Action Reserve account and copies of bank statements relating to the Class Action Reserve account which collectively reflected all payments made to that date from the Class Action Reserve Account. See ¶¶ 16, 17 of the Declaration of Mark A. Neubauer filed in support of the Motion for Order filed in the Bankruptcy case which is Exhibit No. 5 to the Request for Judicial Notice filed by Plaintiff in the RLL Bankruptcy Case.

(6).    On **June 10, 2013** Plaintiff's counsel conducted the judgment debtor exam of Juliet Oh of LNBYB. In the course of this exam counsel inquired fully regarding the documents previously produce by Ms. Oh on February 27, 2013 and the transfers from the Class Action Reserve account reflected therein. See ¶¶ 16, 17 of Declaration of Mark A. Neubauer filed in support of the Motion for Order filed in the Bankruptcy case which is Exhibit No. 5 to the Request for Judicial Notice filed by Plaintiff in the RLL Bankruptcy Case.

(7).    On or about **July 9, 2013** Plaintiff filed a motion in the RLL Bankruptcy Case in which Plaintiff asserted that numerous distributions (identified during the earlier judgment debtor examination) had been made by LNBYB from the Class Action Reserve fund which it contended were not in compliance with the Plan nor with the Letter. By way of that motion Plaintiff sought relief (at page 11 line 17 of the motion) in the form of an order compelling LNBYB to distribute funds from the Class Action Reserve "in accordance with the Plan and the Irrevocable Payment Instructions." Based upon the general ledger and bank records produced by LNBYB prior to Judgment Debtor Examination. Plaintiff's motion references numerous

9

specific transfers from the Class Action Reserve fund which occurred between **May 25, 2012** and **November 15, 2012**. See ¶¶ 16, 17 of Declaration of Mark A. Neubauer filed in support of the Motion for Order filed in the RLL Bankruptcy Case which is Exhibit No. 5 to the Request for Judicial Notice filed by Plaintiff in the underlying Bankruptcy matter. A true and correct copy of Plaintiff's July 9, 2013 motion is attached to and marked as Exhibit No. 3 to the RJN.

(8).    On or about **August 30, 2013** LNBYB filed its Notice of Submission by LNBYB of an accounting of all disbursements made from the Class Action Reserve accounts which was filed in the RLL Bankruptcy Case . This accounting details all of the disbursements from the Class Action Reserve. (See, RJN at Exhibit No. 4.).

(9).    At the October 1, 2013 hearing of Plaintiff's Motion in the RLL Bankruptcy Case Judge Mund **DENIED** Plaintiff the relief  requested.  A true and correct copy of the Order denying the Plaintiff's Motion is attached to the RJN as Exhibit "6."

## IV.    THE AGENCY ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM AGAINST ANY DEFENDANT BASED UPON ANY AGENCY THEORY.

The complaint generally alleges at paragraph No. 22 that each of the defendants is the  agent of the other, which is nothing more than conclusory, boilerplate pleadings, and insufficient on their face to state an "agency" claim.

"Threadbare recitals of the elements of a claim for relief, supported by mere conclusory statements, do not suffice... Rule 8 marks a noble generous departure from the hyper-technical, code-pleading regimen of a prior era, but does not unlock the doors of discovery for plaintiffs armed with nothing more conclusions." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, (U.S. 2009). See also *Clegg v. Cult Awareness Network* 18 F.3d 752,754 (9th Cir. 1994)(holding

10

that the court is not required to accept "conclusory legal allegations cast in the form of factual allegations those conclusions cannot reasonably be drawn from the facts alleged.").

Here, where the Complaint fails to allege any specifics of agency, this aspect of the claims must be dismissed.

## V.   THE STATUTE OF LIMITATIONS BARS EACH OF THE CLAIMS AGAINST LNBYB

California's Code of Civil Procedure §340.6 establishes the one year  statute of limitations for actions to be brought against attorneys.  Since the alleged conduct dates back to as early as February 2012, and no later than July 2013, the Plaintiff's Complaint filed in August 2016, approximately 3 to 4 ½ after notice of the distributions made by LNBYB is far outside the applicable statute of limitations and all of the alleged claims by Plaintiff for relief are barred as a matter of law.  Section 340.6 provides, in pertinent part, that:

> "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission...."

Prior to 2015, a debate existed within the body of California case authority as to whether this is the statute of limitations applied only to claims of professional malpractice. See for example *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC,* 225 Cal.App.4th 660, 170 Cal.Rptr.3d 431, and *David Welch Co. v. Erskine & Tulley*, 203 Cal.App.3d 884, 250 Cal.Rptr. 339. However, in the 2015 case of *Lee v. Hanley* 61 Cal.4th 1225 (2015) the California Supreme Court resolved this debate confirming the one year limitation specifically rejecting both *Roger Cleveland Golf Co., Inc.* and *David Welch Co.* holding that:

1    In light of these observations, we conclude that  section 340.6(a)'s time bar

2    applies to claims whose merits necessarily depend on proof that an attorney

3    violated a professional obligation in the course of providing professional

4    services. In this context, a "professional obligation" is an obligation that an

5    attorney has by virtue of being an attorney, such as fiduciary obligations, the

6    obligation to perform competently, the obligation to perform the services

7    contemplated in a legal services contract into which an attorney has entered,

8    and the obligations embodied in the Rules of Professional Conduct.  By

9    contrast, as the Court of Appeal observed, section 340.6(a) does not bar a

10    claim for wrongdoing—for example, garden-variety theft—that does not

11    require proof that the attorney has violated a professional obligation, even if

12    the theft occurs while the attorney and the victim are discussing the victim's

13    legal affairs. Section 340.6(a) also does not bar a claim arising from an

14    attorney's performance of services that are not "professional services,"

15    meaning "services performed by an attorney which can be judged against the

16    skill, prudence and diligence commonly possessed by other attorneys."

17    (*Quintilliani v. Mannerino* 62 Cal.App.4th 54, 64, (1998)). *Lee v. Hanley*,

18    supra at 1237.

19    In the case at bar **all** of the purported claims for relief against LNBYB, **even**

20    those which purport to state claims for  conversion, fraud, and money had and

21    received, arise out of the alleged failure of LNBYB to perform pursuant to its

22    professional obligations in the underlying bankruptcy with regard to distribution of

23    the Class Action Reserve. LNBYB is not a party to the First District Court Case or

24    the agreements between Plaintiff and the Yashouafars nor is it alleged anywhere in

25    the complaint that LNBYB received or had the benefit of any of the transferred

26    assets.

27    The **sole** reason LNBYB is a party to this current case is because Plaintiff

28    alleges failures in  LNBYB's discharge of its "professional obligations" with respect

1  to the administration of distributions from the Class Action Reserve. As such, under
2  the *Lee* case, the one year limitations period set forth in California Code of Civil
3  Procedure §340.6 controls and bars any liability herein as each of the acts alleged in
4  the complaint in all of the claims for relief occurred well in excess of one year prior
5  to the date this complaint was filed on August 22, 2016. Accordingly the entire
6  Complaint should be dismissed with prejudice.

7  **VI.   THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS TO**
8  **STATE A CLAIM**

9  The claim for relief for declaratory relief is improperly pled for several
10  reasons. First, as indicted above, it is barred by the statute of limitations. Second, it
11  improperly seeks to obtain a declaration as to past distributions and not the future
12  rights of the parties. Third, it lacks specificity as to necessary facts and attempts to
13  apply the Declaratory Relief Act to certain enumerated "disputes" in which LNBYB
14  is not involved. Since *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it is not
15  sufficient for Plaintiff to simply assert boilerplate statements of the elements of a
16  dispute, which is all that appears in the first claim for relief in the Complaint.
17  Indeed, here, the vague nature of the allegations makes it so indefinite as to prevent
18  defendants from framing a proper response. See generally, *Famolare, Inc. v. Edison*
19  *Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (ED CA 1981). Specifically, the Complaint
20  seeks declaratory relief that the "[t]ransfers violated the terms of the Irrevocable
21  Instructions and the Plan", however, it fails to define "transfers" or establish that the
22  Letter was at all binding on LNBYB in light of the Plan which expressly directed
23  the manner in which funds would be distributed from the Class Action Reserve.
24  The Plaintiff's Letter is not a recognized exception to the distribution scheme, and
25  Plaintiff has not even alleged that it is, or that it forms the basis for declaratory
26  relief.

27  Furthermore, as to any distributions from the Class Action Reserve, they are
28  not properly the subject of a declaratory relief action either. Not only is Plaintiff not

13

a creditor under the Second Amended Chapter 11 Plan of Reorganization of RLL, but all of the transfers of which Plaintiff complains occurred in more than four years prior to the filing on this Complaint, long past the expiration of any statute of limitations. There's nothing to declare as to the future rights and obligations of the parties. Declaratory relief is inappropriate for past actions because all alleged damages have already accrued (see *Ward v. Thom*as, 207 F.3d 35, 37 (2d Cir, 1988).

Further, to the extent that the complaint seeks to state a claim with respect to the undefined "Transfers", declaratory relief would be redundant of other claims for relief and is therefore improper. "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangrindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal 2009).

Ultimately, the claims that any distributions made under the Plan were contrary to the "Irrevocable Instructions" fails based upon the text of those instructions. The fundamental problem with the instructions is that the Yashouafars did not have any right to a distribution from the Plan, only RLI did. Plaintiff is not a judgment creditor of RLI, but rather only the Yashouafars, who did not own a controlling stake. In short, the "Irrevocable Instructions" were a flawed attempt to circumvent the fact that Plaintiff's counsel failed to secure a charging order against the Yashouafars and the Yashouafars' interest, if any, in RLI. Thus, this claim for relief should be dismissed.

## VII.   THE SECOND CLAIM FOR FRAUDULENT TRANSFER IS BARRED BY THE STATUTE OF LIMITATIONS AND FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED

This second claim is based upon California's Civil Code §3439.04, generally referred to as the Uniform Voidable Transactions Act.. By far the most significant problem with this claim is that it is barred by the statute of limitations built into the Uniform Fraudulent Transfer Act. Section 3439.09 states in relevant part:

A cause of action with respect to a transfer or obligation under this chapter is extinguished unless action is brought pursuant to subdivision (a) of Section 3439.07 or levy made as provided in subdivision (b) or (c) of Section 3439.07:

(a) Under paragraph (1) of subdivision (a) of Section 3439.04, obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant."

As described in detail above Plaintiff knew or reasonably could have discovered of each of the transfers of which Plaintiff complains herein well more than a year prior to the August 22, 2016 filing of this Complaint. Recall that Plaintiff had the general ledger and bank records of the Class Action Reserve account which reflected distributions in February 2013, used these documents during the Judgment Debtor Examination of LNBYB (as a third party witness) on June 10. 2013, and used that information in the July 2013 in the Plaintiff's Motion filed with the bankruptcy court seeking a distribution from the Class Action Reserve.  Without explanation, the Complaint ignores this prior knowledge. However, the Court can take judicial notice of these prior pleadings and dismiss the Complaint.

## VIII.  THE THIRD CLAIM FOR RELIEF FOR COMMON LAW FRAUDULENT TRANSFER IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Unlike the statutory fraudulent transfer claim described above, a common law fraudulent transfer action in California is governed by a three-year statute of limitations. California Code of Civil Procedure §338 (d) provides that an action for relief on the ground of fraud or mistake is subject to a three-year statute of limitations. The Code goes on to note that "the cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In this case, by virtue of the allegations made on

15

1  behalf of Plaintiff the various documents of which this Court has been asked to take

2  judicial notice we can conclusively establish that Plaintiff was aware of the facts

3  constituting the fraud or mistake more than three years prior to the filing of this

4  action on August 22, 2016.  Accordingly, this claim for relief is barred as a matter of

5  law and no artful pleading can avoid this result.

6  **IX.    THE FOURTH CLAIM FOR RELIEF FAILS TO ESTABLISH THAT**

7  **LNBYB WAS A PARTY TO THE CONTRACT IT ALLEGEDLY**

8  **BREACHED**

9       This claim for relief erroneously presumes that the "Irrevocable Instructions"

10  constitute a contract to which LNBYB was a party. This is clearly not the case.

11  There are no allegations in the Complaint which support this proposition. Indeed,

12  there are no allegations in the Complaint which suggest that the "Irrevocable

13  Instructions" are themselves a contract at all. The Complaint adequately establishes

14  the existence of a contract between Plaintiff and the Yashouafars (the Settlement

15  Agreement). The "Irrevocable Instructions" were created as a result of that

16  Settlement Agreement but are not themselves a contract. Likewise, the Complaint is

17  devoid of any allegations which support the notion that the "Irrevocable

18  Instructions" constitute a contract between Plaintiff and LNBYB-- there is no

19  suggestion of offer, acceptance, or consideration the traditional requisite elements of

20  a contract.

21       Indeed, the Complaint itself tacitly acknowledges the inadequacies of the

22  purported claim for relief for breach of contract in the purported seventh claim for

23  relief in which Plaintiff states: "… In the event that it is determined that Levene

24  Neale is not a party to or otherwise bound by the contracts at issue…". Clearly, this

25  claim for relief should be dismissed for this facial failure to state a claim against

26  LNBYB.

27

28

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

## X.   THE FIFTH CLAIM FAILS TO ALLEGE A CONVERSION AND IS BARRED BY THE STATUTE OF LIMITATIONS

### A.   This Claim Fails to Allege a Conversion as a Matter of Law

In order to set forth a claim for conversion, the Complaint must set forth: (1) a plaintiff's ownership or right to possession of property; (2) defendant's disposition of that property in a manner Inconsistent with such property rights; and (3) damages. *Lee v. Hanley*, supra at 1240. Here, the complaint alleges no more than that Plaintiff had a contractual right to payment from the Yashouafars, if/when they received any disbursement from the Class Action Reserve fund. The Complaint does not allege that Plaintiff had an ownership interest in any disbursement of those funds to RLI prior to Plaintiff's alleged acquisition of the Yashouafars' equity interest in RLI (which was three years after the Letter and not relevant to the analysis).

A mere contractual right of payment, without more, will not suffice to state a claim for conversion. For example, in *Imperial Valley Co. v. Global Grain and Milling Co.* 187 Cal. 352 (1921) the tenant entered into an agreement to raise crops on leased land and to pay the landlord one fourth of the crop as rental. However, the tenant sold the entire crop and the proceeds were used to pay other debts of the tenant. The landlord brought an action for conversion. The Supreme Court concluded no claim was stated because the rental agreement established no title to or lien upon the crop but only established the measure of damages for breach of contract (Id. at pp 353-354). Abselet suffers the same problem here, and this claim fails as a matter of law.

### B.   Statute of Limitations

Under Code of Civil Procedure, section 338, subdivision (c) which applies to the conversion of personal property, there is a three year limitations period for "actions for taking, detaining or injuring any goods or chattels." *AmerUS Life Ins. Co. v. Bank of Am., N.A. 143* Cal.App.4th 631, 639 (2006) as modified (Oct. 30, 2006). Here, the alleged conversions all occurred almost 4 years (or more) prior to

17

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

1  the filing of the Complaint, and Plaintiff complained about the same to the

2  Bankruptcy Court more than three years prior to the filing of the Complaint. The

3  claim is, therefore, time-barred.

4  **XI.   THE SIXTH CLAIM FOR RELIEF FOR MONEY HAD AND**

5  **RECEIVED FAILS TO STATE A CLAIM AND IS BARRED BY THE**

6  **STATUTE OF LIMITATIONS**

7  **A.   No Claims Stated**

8  Even if not time-barred, this claim would necessarily fail. "A claim for relief

9  is stated for money had and received if the defendant is indebted to the plaintiff in a

10  certain sum for money had and received by the defendant for the use of the

11  plaintiff." *Schultz v. Harney*, 27 Cal.App.4th 1611, 1623 (1994). Here, LNBYB is

12  not alleged to have been indebted to Plaintiff. Thus, no claim is properly stated

13  against LNBYB and this claim should be dismissed.

14  **B.   Statute of Limitations**

15  As with the claim for conversion, a claim for Money Had and Received is

16  covered by the three-year statute of limitations set forth in California Code of Civil

17  Procedure Section 338. The transfers at issue all occurred almost 4 years (or longer)

18  and Plaintiff had notice of those transfers at or about the time that they were made.

19  Indeed, Plaintiff complained about this transfers to the Bankruptcy Court in July

20  2013, more than three years prior to the filing of the Complaint. This claim is

21  therefore time-barred and should be dismissed.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /



**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**

## XII. THE SEVENTH CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT IS BARRED BY THE STATUTE OF LIMITATIONS

It is well recognized that the statute of limitations for tortious interference with contract in California is two years. As stated in *DC Comics v. Pac. Pictures. Corp.*, 938 F. Supp. 2d 948 (C.D. Cal. 2013):

> The statute of limitations for tortious interference with contract in California is two years. *Kiang v. Strycula,* 231 Cal.App.2d 809, 811–12, 42 Cal.Rptr. 338 (1965); *see* Cal. Civ. Proc. Code § 339(1). A tortious-interference claim typically accrues "at the date of the wrongful act." *Trembath v. Digardi,* 43 Cal.App.3d 834, 836, 118 Cal.Rptr. 124 (1974). But in no event does a claim accrue "later than the actual breach of the contract by the party who was wrongfully induced to breach," because the breach is the culmination of the alleged wrong. *Id.*

Here, the alleged breach occurred almost 4 years (or longer) prior to the filing of the Complaint, and Plaintiff complained about the breach to the Bankruptcy Court in July 2013 more than three years prior to the filing of the Complaint. The claim is, therefore, time-barred and should be dismissed.

## XIII. THE EIGHTH CLAIM FOR RELIEF (FRAUDULENT TRANSFERS AND CONVERSION-SHAREHOLDER DERIVATIVE) ARE BARRED FOR ALL REASONS STATED ABOVE AND BECAUSE PLAINTIFF WAS NOT A SHAREHOLDER AT THE TIME OF THE ALLEGED TRANSFERS AND OR CONVERSIONS

This claim is literally derivative of each of the previously stated claims and fails for each of the reasons stated above.

Additionally, this claim fails because it is apparent on the face of the Complaint that Plaintiff was not an equity holder in RLI at the time of any of the

transfers or conversions complained of in the Complaint. California's Corporations code §800 provides in relevant part:

(b) No action may be instituted or maintained in right of any domestic or foreign corporation by any holder of shares or of voting trust certificates of the corporation unless both of the following conditions exist:

(1)    The plaintiff alleges in the complaint that plaintiff was a shareholder, of record or beneficially, or the holder of voting trust certificates *at the time of the transaction or any part thereof* of which plaintiff complains or that plaintiff's shares or voting trust certificates thereafter devolved upon plaintiff by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of; provided, that any shareholder who does not meet these requirements may nevertheless be allowed in the discretion of the court to maintain the action on a preliminary showing to and determination by the court, by motion and after a hearing, at which the court shall consider such evidence, by affidavit or testimony, as it deems material, that (i) there is a strong prima facie case in favor of the claim asserted on behalf of the corporation, (ii) no other similar action has been or is likely to be instituted, *(iii) the plaintiff acquired the shares before there was disclosure to the public or to the plaintiff of the wrongdoing of which plaintiff complains,* (iv) unless the action can be maintained the defendant may retain a gain derived from defendant's willful breach of a fiduciary duty, and (v) the requested relief will not result in unjust enrichment of the corporation or any shareholder of the corporation; and

(2)    The plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort, and alleges further that plaintiff has

20

1      either informed the corporation or the board in writing of the ultimate

2      facts of each cause of action against each defendant or delivered to the

3      corporation or the board a true copy of the complaint which plaintiff

4      proposes to file. [Emphasis added]

5      Here, Plaintiff admits in the Complaint that he did not purportedly acquire

6 shares in RLI until this year (Complaint ¶33), yet he complains of alleged wrongs

7 that occurred well prior to that time.

8 **XIV.  IN THE ALTERNATIVE LNBYB MOVES PURSUANT TO FRCP 12**

9        **(E) FOR A MORE DEFINITIVE STATEMENT**

10      For the reasons noted above, the Complaint and each of the claims therein fail

11 as a matter of law and should be dismissed with prejudice.  More time or further

12 amendments will not cure the rampant defects in the Complaint or any of its

13 progeny.  However, if the Court is not prepared to dismiss the Complaint with

14 prejudice, then, alternatively, LNBYB requests that this Court order a more definite

15 statement pursuant to FRCP Rule 12(e).

16      Plaintiff has failed to articulate a theory under which LNBYB can be held

17 liable.  A Rule 12(e) motion should be granted here because the allegations in the

18 Complaint are conclusory, confused, and unclear. Schwarzer, *California Practice*

19 *Guide: Federal Civil Procedure Before Trial* para 9:347,4 pp. 9-127 to 9-128

20 (2016), citing *Balderama v. Pride Industries, Inc.* (W.D. Tex. 2013) 963 F. Supp. 2d

21 646, 667.  Thus, if this Court is not inclined to dismiss the entire Complaint, then it

22 should order the Plaintiff to file a more definite pleading which addresses the

23 fundamental issues raised in this Motion.

24 **XV.  CONCLUSION**

25      For the foregoing reasons, LNBYB respectfully requests an order from this

26 Court which  dismisses the Complaint's claims for relief in their entirety, with

27 prejudice, pursuant to FRCP 12(b)(6).  In the alternative, LNBYB respectfully

28

1  requests this Court order the Trustee to provide a more definite statement, as

2  required pursuant to FRCP Rule 12(e).

3  DATED: October 14, 2016           **PARKER MILLS LLP**

4

5                                    By: _____/S/ JOEL OSMAN_____

6                                          David B. Parker
                                           Joel Osman
7                                    Attorneys for Defendant
                                     LEVENE, NEALE, BENDER, YOO &
8                                    BRILL, L.L.P, a California limited liability
9                                    partnership

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)6**