1 | **PARKER MILLS LLP**
David B. Parker (SBN 072192)
2 | parker@parkermillsllp.com
Joel A. Osman (SBN 106549)
3 | osman@parkermillsllp.com
800 W. 6th Street, Suite 500
4 | Los Angeles, California 90017
Telephone: (213) 622-4441
5 | Facsimile: (213) 622-1444

6 | Attorneys for Defendants
**LEVENE, NEALE, BENDER, YOO &**
7 | **BRILL, LLP, a California limited**
**liability**

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11 |

12 | HOWARD L. ABSELET, an individual
and derivatively on behalf of
13 | ROOSEVELT LOFTS, INC.,

14 | Plaintiff,

15 | v.

16 | LEVENE, NEALE, BENDER, YOO &
BRILL, LLP, a California limited
17 | liability partnership; ,

18 | Defendant.

Case No. CV 16-6263-JFW (JEMx)

Assigned to Hon. John F. Walter

Date:     June 19, 2017
Time:     1:30 p.m.
Crtrm.:   7A

**DEFENDANT LEVENE, NEALE, BENDER, YOO & BRILL, LLP'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**[Filed concurrently herewith Separate Statement of Undisputed Material Facts, Request for Judicial Notice, Declaration of Juliet Y. Oh. and Joint Declaration of Joel A. Osman and Andrew F. Kim re Meet and Confer]**

Trial Date:     December 12, 2017

25 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26 | PLEASE TAKE NOTICE that on June 12, 2017 at 1:30 p.m. or as soon

27 | thereafter as the matter may be heard in Courtroom 7A of the above-captioned court

28 |

1   located at 350 West 1ˢᵗ Street, Los Angeles, California, 90017, Defendant LEVENE,

2   NEALE, BENDER, YOO & BRILL, L.L.P. ("LNBYB") will and hereby does move

3   the Court pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 56 for

4   summary judgment in its favor against Plaintiff HOWARD ABSELET ("Abselet").

5       Alternatively, LNBYB will and hereby does move this Court for an order

6   summarily adjudicating the following issues:

7

8   ISSUE 1:    The First Claim for Relief for Declaratory Relief as against

9               LNBYB is (1) barred by the applicable statute of limitations

10              (California Code of Civil Procedure §340.6); (2) improperly

11              seeks a declaration as to past distributions; and (3) lacks

12              specificity.

13  ISSUE 2:    The Second Claim for Relief for Actual Fraudulent Transfers as

14              against LNBYB is barred by the applicable statutes of limitations

15              (California Code of Civil Procedure §340.6 and California Civil

16              Code §3439.04(a)(1)).

17  ISSUE 3:    The Third Claim for Relief for Common Law Actual Fraudulent

18              Transfer as against LNBYB is barred by the applicable statutes

19              of limitations (California Code of Civil Procedure §§ 340.6 and

20              338).

21  ISSUE 4:    The Fourth Claim for Relief for breach of contract fails to

22              establish that LNBYB was a party to the contract it allegedly

23              breached.

24  ISSUE 5:    The Fifth Claim for Relief for conversion fails to allege the

25              elements of the cause of action and is barred by the applicable

26              statutes of limitation.

27

28



| | | |
|---|---|---|
| 1 | ISSUE 6: | The Sixth Claim for Relief for money had and received fails to |
| 2 | | allege the elements of the cause of action and is barred by the |
| 3 | | statutes of limitation. |
| 4 | ISSUE 7: | The Seventh Claim for Relief for intentional interference with |
| 5 | | contract is barred by the statutes of limitation. |
| 6 | ISSUE 8: | The Eighth Claim for Relief for fraudulent transfers and- |
| 7 | | conversion-shareholder derivative fails to allege the elements of |
| 8 | | the cause of action, including but not limited to the fact that |
| 9 | | Plaintiff was not a shareholder at the time of the alleged transfers |
| 10 | | or conversions; and also because the claim is barred by the |
| 11 | | statutes of limitation. |

12   This motion is made following the conference of counsel pursuant to Local

13   Rule 7-3 which took place on May 5, 2017.

14   This Motion is supported by this notice of motion and motion, the attached

15   memorandum of points and authorities, the concurrently served and filed Separate

16   Statement of Undisputed Material Facts, the concurrently served and filed

17   Declaration of Juliet Y. Oh and Request for Judicial Notice along with all of the

18   associated exhibits filed therewith and all of the files and pleadings on file in this

19   matter, the matters of which the Court is requested to take judicial notice, and any

20   oral argument that may be considered at hearing on this matter.

21   DATED: May 17, 2017           **PARKER MILLS LLP**

22                                By:   /s/ Joel A. Osman
23                                      _____
                                        Joel A. Osman
24                                      Attorneys for Defendants
                                        **LEVENE, NEALE, BENDER, YOO &**
25                                      **BRILL, LLP, a California limited**
                                        **liability**
26

27

28

P
M  PARKER
   MILLS LLP
   TRIAL LAWYERS
   BUSINESS LAWYERS

# **TABLE OF CONTENTS**

**Page**

I.      MEET & CONFER ................................................................. 1

II.     PROCEDURAL HISTORY ...................................................... 1

III.    SUMMARY OF ARGUMENT ................................................. 2

IV.     FACTUAL BACKGROUND ALLEGED WHICH IS RELEVANT TO
        THE CLAIMS AGAINST LNBYB ........................................... 4

V.      THE SUMMARY JUDGMENT STANDARD .............................. 8

VI.     THE STATUTE OF LIMITATIONS BARS EACH OF THE CLAIMS
        AGAINST LNBYB ................................................................ 9

        A.    The First Claim for Declaratory Relief as against LNBYB is (1)
              barred by the applicable statute of limitations (California Code of
              Civil Procedure §340.6), (2) improperly seeks a declaration as to
              past distributions and (3) lacks specificity ............................ 11

        B.    The Second Claim for Actual Fraudulent Transfers as against
              LNBYB is barred by the applicable statutes of limitations
              (California Code of Civil Procedure §340.6 and California Civil
              Code §3439.04(a)(1)) ........................................................ 13

        C.    The Third Claim for Common Law Actual Fraudulent Transfer
              as against LNBYB is barred by the applicable statutes of
              limitations (California Code of Civil Procedure §§ 340.6 and
              338) .................................................................................. 14

        D.    The Fourth Claim for Relief for breach of contract fails to
              establish that LNBYB was a party to the contract it allegedly
              breached ............................................................................ 14

        E.    The Fifth Claim for Relief fails to allege the elements of a
              Conversion and is barred by the applicable statutes of limitations. ..... 15

              1.    This Claim Fails to Allege a Conversion as a Matter of
                    Law .......................................................................... 15

              2.    Statute of Limitations .................................................. 16

        F.    The Sixth Claim for Relief for money had and received fails to
              allege the elements of the cause of action and is barred by the
              statute of limitations .......................................................... 16

              1.    No Claims Stated ......................................................... 16

              2.    Statute of Limitations .................................................. 16

P
M  PARKER
   MILLS LLP
   TRIAL LAWYERS
   BUSINESS LAWYERS

G.    The Seventh Claim for intentional interference with contract is barred by the statute of limitations.........................................................17

H.    The Eighth Claim for Relief (fraudulent transfers and-conversion-shareholder derivative) is barred for all reasons stated above and because Plaintiff was not a shareholder at the time of the alleged transfers or conversions. .......................................................17

VII.   CONCLUSION ...............................................................................19

1

## TABLE OF AUTHORITIES

2

**Page**

3

4

## CASES

5

AmerUS Life Ins. Co. v. Bank of Am., N.A
    (2006) 143 Cal.App.4th 631, 639 ......................................................... 16

6

David Welch Co. v. Erskine & Tulley
    203 Cal.App.3d 884 250 ................................................................... 9

7

8

Imperial Valley Co. v. Global Grain and
    (1921) Milling Co. 187 Cal. 352 ................................................... 15

9

Kiang v. Strycula, 231 Cal.App.2d
    809, 811 ........................................................................................ 17

10

Lee v. Hanley
    (2015) 61 Cal.4th 1225 ......................................................... 9, 10, 15

11

12

Quintilliani v. Mannerino
    (1998) 62 Cal.App.4th 54, 64 ......................................................... 10

13

Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC
    225 Cal.App.4th 660, 170 ................................................................ 9

14

15

Schultz v. Harney, 27 Cal.App
    (1994) 4th 1611, 1623 ..................................................................... 16

16

Trembath v. Digardi,
    43 Cal.App.3d 834, 836, 118 .......................................................... 17

17

18

19

## FEDERAL CASES

20

Allstate Ins. Co. v. Madan,
    (C.D.Cal.1995) 889 F.Supp. 374, 378–79 ................................ 3, 8, 13

21

Anderson v. Liberty Lobby, Inc.,
    (1986) 477 U.S. 242, 256 ................................................................. 8

22

23

Bell Atlantic Corp. v. Twombly,
    (2007) 550 U.S. 544 ....................................................................... 11

24

Celotex Corp. v. Catrett,
    (1986) 477 U.S. 317, 323–324 ......................................................... 8

25

26

DC Comics v. Pac. Pictures. Corp.,
    (C.D. Cal. 2013) 938 F. Supp. 2d 948 ............................................ 17

27

28

P
M
PARKER
MILLS LLP

TRIAL LAWYERS
BUSINESS LAWYERS

Famolare, Inc. v. Edison Bros. Stores, Inc.,
   (ED CA 1981) 525 F. Supp. 940 ...................................................................11

*Mangrindin v. Wash. Mut. Bank,*
   (N.D. Cal 2009) 637 F. Supp. 2d 700, ..........................................................12

*Ward v. Thom*as,
   1988 207 F.3d 35, 37 2d Cir, ........................................................................12

## STATUTES

C.C.P. § 338 ......................................................................................................16

C.C.P. § 338(c) .................................................................................................16

C.C.P. § 339(1) .................................................................................................17

C.C.P. § 340.6(a) ..............................................................................................10

C.C.P. § 3439.09 ...............................................................................................13

C.C.P. §§ 3439.07(b)(c) ....................................................................................13

C.C.P. §338 (d) .................................................................................................14

C.C.P. §3439.04 ................................................................................................13

C.C.P. §3439.04(a)(1) .......................................................................................13

Cal.Rptr. 124 ....................................................................................................17

Cal.Rptr. 338 ....................................................................................................17

Cal.Rptr. 339 ......................................................................................................9

Cal.Rptr.3d 431 ..................................................................................................9

## FEDERAL STATUTES

FRCP 12(b)6 ..................................................................................................1, 9

FRCP 12(e) .........................................................................................................1

FRCP 56 ........................................................................................................8, 19

FRCP 56(a) .........................................................................................................8

FRCP 56(c) .........................................................................................................8

FRCP 56(e) .........................................................................................................9

1

**<u>OTHER AUTHORITIES</u>**

2   California's Corporations code §800........................................................................18

3

4   **<u>RULES</u>**

5   Local Rule 7-3...............................................................................................1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1604486.doc

DEFENDANT LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.'S
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## I.    MEET & CONFER

Pursuant to Local Rule 7-3 and this Court's Standing Order of August 25, 2016 [Dkt. No. 12] , Joel A. Osman, lead counsel for moving Defendant and Andrew F. Kim, lead counsel for Plaintiff along with co-counsel for plaintiff Diane Conniff met and conferred in person on May 5, 2017 (more than five days before the filing of this Motion) in a pre-filing conference "to discuss thoroughly…the substance of the contemplated motion and any potential resolution" of the issues presented in this motion short of filing this motion.   Counsel were unable to resolve the issues raised in the motion. Filed contemporaneously with this Motion is the joint Declaration of Joel A. Osman, counsel for moving Defendant and Andrew Kim, counsel for Plaintiff which sets forth the issues that were not resolved during this meet-and-confer process with a detailed explanation of why those issues could not be resolved. [Dkt. No. 135].  A copy of such Declaration is appended hereto.

## II.    PROCEDURAL HISTORY

Moving Defendant previously filed a motion to dismiss complaint pursuant to FRCP 12(b)6 or in the alternative for a more definite statement of facts pursuant to FRCP 12(e)[Dkt. No. 69]. On November 22, 2016 this Court entered its order denying the motion to dismiss, without a hearing. [Dkt. No. 107]. Said Order stated in relevant part that: "The Court finds the issues raised by Levene Neale are more appropriately resolved on a motion for summary judgment." This current motion is brought in deference to that portion of this Court's Order of November 22, 2016.

/ / /

/ / /

/ / /

/ / /

## III.   SUMMARY OF ARGUMENT

The Plaintiff has been in a litigation war with certain of the other Defendants (not LNBYB) named in this action for many years. By way of this current action Plaintiff purports to include Defendant Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"). However, as is shown below, and as is evident from the face of the Complaint, the claims against LNBYB fail as a matter of law because they are all barred by the statute of limitations.  Specifically, (a) Plaintiff has had actual knowledge of the events alleged in the Complaint since as early as February 2012, but did not file any action against LNBYB until August 22, 2016, years after any potential statute of limitations expired; (b) LNBYB is not a party to any contract; and equally problematic, (c) Plaintiff fails to state any claim for which relief can be granted as to LNBYB.

Beginning in 2008 Plaintiff Howard Abselet (alternatively herein "Plaintiff" or "Abselet") loaned a total of $6 million to an entity called Alliance Lending Group, Inc. The principals of Alliance Lending Group, Inc. were Solyman Yashouafar and M. Aaron Yashouafar (collectively, the "Yashouafars")(Complaint ¶ 24). When Alliance Lending Group, Inc., defaulted on its loans Plaintiff brought suit against it and against its principals, the Yashouafars in this court on January 27, 2011 (the "First District Court Case") (Complaint ¶ 26). In February 2012, a Settlement Agreement was entered into among Plaintiff, Alliance and the Yashouafars to resolve the First District Court Case (Complaint ¶ 27).

Shortly thereafter, on or about April 6, 2012,  in the First District Court Case, the Yashouafars provided the Plaintiff with a letter which purported to be irrevocable instructions confirming the Yashouafars' payment obligation to Abselet under the Settlement Agreement (the "Letter"). Pursuant to the Letter LNBYB, in its capacity as the custodian of those certain  funds maintained in the Class Action Reserve established  in connection with the confirmed plan of reorganization in the bankruptcy case of Roosevelt Lofts L.L.C. ("RLL") was  directed to disperse to

P
M PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1  Howard L. Abselet 46.73% (the Yashouafar Parties' purported interest in Roosevelt

2  Lofts, Inc. ("RLI"),  as the sole equity holder of RLL) of all funds otherwise payable

3  to RLI from the  Class Action Reserve. (Complaint ¶ 29).

4      There were several problems with Plaintiff's ability to make any directives in

5  the Letter.   First, the Yashouafar Parties were not entitled to any direct

6  distributions from the Class Action Reserve, so the Letter was not sufficient to direct

7  any payment of funds; Second, LNBYB was not a party to the Letter and did not

8  take its instructions from the Yashouafar Parties;  Third, the Letter was not signed

9  by any of the members of RLL or its sole member, RLI who did have the ability to

10 direct the payment of funds from the Class Action Reserve (once the formula for

11 distribution was met); Fourth, Plaintiff never had any claim or right to payment from

12 RLL or RLI, and never levied on the Yashoufar Parties interests in RLI or RLL;

13 Fifth, the other members of RLI disputed the Yashouafars' interest in RLI and did

14 not agree that the Yashouafar Parties were entitled to any distributions from RLI;

15 and Sixth, the Letter was never submitted to the bankruptcy court for approval of

16 any distribution outside of the distribution scheme established in the Plan

17 Confirmation Order.  Any of these problems, alone or in conjunction with one

18 another, defeat any claim alleged by Plaintiff against LNBYB herein, and more

19 problematic, all of the claims are all long since barred by the applicable statute of

20 limitations.

21      As discussed in detail below, LNBYB is entitled to summary judgment for the

22 following reasons, each:

23      1.    The First Claim for Relief for Declaratory Relief as against LNBYB is

24 (1) barred by the applicable statute of limitations (California Code of Civil

25 Procedure §340.(6); (2) improperly seeks a declaration as to past distributions; and

26 (3) lacks specificity.

27 / / /

28 / / /

1604486.doc

3

DEFENDANT LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.'S
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

P
M  PARKER
   MILLS LLP
   TRIAL LAWYERS
   BUSINESS LAWYERS

2.     The Second Claim for Relief for Actual Fraudulent Transfers as against LNBYB is barred by the applicable statutes of limitations (California Code of Civil Procedure §340.6 and California Civil Code §3439.04(a)(1)).

3.     The Third Claim for Relief for Common Law Actual Fraudulent Transfer as against LNBYB is barred by the applicable statutes of limitations (California Code of Civil Procedure §§ 340.6 and 338).

4.     The Fourth Claim for Relief for breach of contract fails to establish that LNBYB was a party to the contract it allegedly breached.

5.     The Fifth Claim for Relief for conversion fails to allege the elements of the cause of action and is barred by the applicable statutes of limitations.

6.     The Sixth Claim for Relief for money had and received fails to allege the elements of the cause of action and is barred by the statute of limitations.

7.     The Seventh Claim for Relief for intentional interference with contract is barred by the statute of limitations.

8.     The Eighth Claim for Relief for fraudulent transfers and- conversion-shareholder derivative fails to allege the elements of the cause of action, including but not limited to the fact that  Plaintiff was not a shareholder at the time of the alleged transfers or conversions; and also because the claim is barred by the statute of limitations.

## IV.     FACTUAL BACKGROUND ALLEGED WHICH IS RELEVANT TO THE CLAIMS AGAINST LNBYB

The Complaint purports to set forth extensive background facts in support of the purported Claims for Relief stated therein. The great bulk of these facts have nothing to do with LNBYB, thus highlighting the manufactured nature of the claims alleged against LNBYB. The limited facts relevant to LNBYB's  alleged involvement in the matters  at issue herein are as follows:

LNBYB is a California limited liability partnership with its principle place of business in this district [Undisputed Fact ("UF") No. 1]. LNBYB is not the agent

1604486.doc                                                    4

P
M   PARKER
     MILLS LLP
     TRIAL LAWYERS
     BUSINESS LAWYERS

1  and/or employee of each the remaining defendants as alleged in paragraph 22 of the

2  Complaint. [UF No. 2].

3       LNBYB is former bankruptcy counsel to Roosevelt Lofts, LLC ("RLL") the

4  now Reorganized Debtor in a Chapter 11 bankruptcy case pending in the United

5  States Bankruptcy Court, Central District of California, San Fernando Valley

6  Division (Case No.: 1:09-bk-14214-GM) (the "RLL Bankruptcy Case") [UF No. 3] .

7  The equity of Roosevelt Lofts, LLC is held by Roosevelt Lofts, Inc. ("RLI") [UF

8  No. 4]. Equity in RLI is held by the Yashouafars[1] [UF No. 5],  the Barlava family

9  [UF No. 6] and, according to Plaintiff, the Nourmands [UF No. 7].There is and at all

10  relevant times has been a dispute between the Yashouafars and Barlavas as to the

11  extent to which both held equity in RLI [UF No. 8]. With respect to these facts and

12  others alleged below, LNBYB has filed concurrently with this Motion its Request

13  for Judicial Notice ("RJN") by which it asks this Court to take judicial notice of a

14  prior Request for Judicial Notice filed almost 4 years ago by Plaintiff's counsel in

15  the RLL Bankruptcy Case, on or about July 9, 2013. The prior Request for Judicial

16  Notice is Exhibit No. 1 to LNBYB's RJN herein. For the sake of convenience and

17  clarity specific references to exhibits herein should be understood to be references to

18  the exhibits as enumerated by counsel for Plaintiff in the Request for Judicial Notice

19  it filed in the bankruptcy action which is collectively annexed to the RJN as Exhibit

20  No. 1, filed by LNBYB concurrently herewith.

21       Debtor Roosevelt Lofts, LLC's Second Amended Chapter 11 Plan of

22  Reorganization (Dated June 20, 2011), As Modified (the "Plan") entered in the RLL

23  Bankruptcy Case provided for the establishment of a reserve (the "Class Action

24  Reserve") with funds in the sum of $16 million for the purpose of paying allowed

25  Class 2 Mechanics' Lien Claims and the allowed fees of Class Action Counsel. The

26

27  [1]  At some point after the facts alleged in the complaint, Abselet foreclosed or
otherwise obtained the Yashouafars' interests in RLI, and is now involved in the

28  dispute with the Barlavas and RLI as to the nature of that interest.



1604486.doc      5

provisions in the Plan relating to the Class Action Reserve are set forth in Section 3.2 .B of the Plan [UF No. 9].

As RLL's counsel, LNBYB served as the court appointed custodian of the funds in the Class Action Reserve and was charged with distributing the funds pursuant to the terms of the court-approved Plan [UF No. 10]. The Plan required that funds be maintained in the Class Action Reserve at all times in an amount equal to the lesser of (i) $16 million or (ii) the remaining balance in the Class Action Reserve after payment of allowed Mechanics' Lien Claims, not to exceed 150% of the aggregate amount of the unresolved Mechanics' Lien Claims. This required balance was defined in the Plan as the Class Action Reserve Threshold Amount [UF No. 11]. The Plan further provided that "any Cash in the Class Action Reserve which is in excess of the Class Action Reserve Threshold Amount shall be distributed as part of the RLI payment or to RLI at any time following the effective date as long as the appropriate Class Action Threshold Amount is maintained in the Class Action Reserve."[UF No. 12].

The Plan did not provide for any payment to Abselet in any capacity [UF No. 13]. In fact, Abselet was not a creditor of RLL and Abselet never sought approval from the Bankruptcy Court to direct LNBYB to make any distribution to Abselet pursuant to the Letter. [UF No. 14] The Letter is in violation of the Plan, and is antithetical to the purpose of the Class Action Reserve. To this end, Plaintiff was advised in November 2012 that LNBYB could not make any distributions to Plaintiff from the Class Action Reserve [UF No. 15].

Pursuant to the Letter, only a portion of payments to be made pursuant to the Settlement Agreement was to come from the Class Action Reserve of the RLL bankruptcy estate. Specifically, Plaintiff was to receive an amount not to exceed $750,000 from distributions, if any, paid to the Yashouafars from the Class Action Reserve. [UF No. 16] However, no payments were to be made to any of the Yashouafars from the Class Action Reserve, as the Plan Confirmation Order made

P
M   PARKER
    MILLS LLP
    TRIAL LAWYERS
    BUSINESS LAWYERS

clear, and neither Abselet nor the Yashouafars requested that the Bankruptcy Court modify the existing Plan to provide for any alternative distribution scheme. [UF No. 17] Thus, regardless of its content or intent, the Letter could not circumvent the clear language of the Plan Confirmation Order.  Indeed, when belatedly presented with the request in August 2013, Judge Mund declined to order that any funds be distributed to Abselet from the Class Action Reserve. [UF No. 18]

Although Plaintiff delivered a copy of the Letter to LNBYB on April 6, 2012 [UF No. 19] these instructions do not constitute a contract by which LNBYB was bound or in any way altered the duties of LNBYB with respect to any distributions from the Class Action Reserve. [UF No. 20].  The Letter could not modify or otherwise alter the language of the Plan Confirmation Order.

Within months of execution of the Settlement Agreement the Yashouafars defaulted on their payment obligations to Plaintiff under the terms of the Settlement Agreement. As a result, this Court entered a Second Amended Judgment on August 10, 2012 in favor of Plaintiff awarding damages against the Yashouafars in the sum of $5,986,580.20 with interest commencing on June 9, 2012 plus attorney fees and costs in an additional sum of $800,000 [UF No. 21].

Between April 6, 2012 and February 20, 2013 LNBYB made a variety of disbursements from the Class Action Reserve in accordance with the formula set forth in the Plan Confirmation Order  as directed by RLI [UF No. 22]. Both prior to and following delivery of the Letter to LNBYB Plaintiff was advised of a dispute among the equity holders of RLI (i.e. the Yashouafar and Barlava families) regarding their respective interests in RLI and entitlement to disbursements made from the Class Action Reserve to RLI [UF No. 8]. Given these disputes LNBYB sought and obtained authority from both the Yashouafars and Barlavas for all disbursements made from the Class Action Reserve to or for the benefit of RLI after April 6, 2012 [UF No. 23].  The request for payment to Plaintiff in the Letter was not approved by the members [UF No. 24].

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1        In November, 2012, Plaintiff, through his then counsel, was advised that

2   although distributions were being made to RLI, no payment would be made to

3   Abselet. Since then Plaintiff through his counsel has been aware that  distributions

4   were being made from the Class Action Reserve to RLI and not Abselet. [UF No.

5   25].

6        In August 2016, Plaintiff filed this action against LNBYB. [UF No. 26.]

7   **V.    THE SUMMARY JUDGMENT STANDARD**

8        One of the principal purposes of Fed. R.Civ. P. 56 is to dispose of factually

9   unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324

10  (1986). The Rule allows a court to grant summary judgment on a claim or defense.

11  See Fed.R.Civ.P. 56(a) ("A party claiming relief may move ... for summary

12  judgment on all or part of the claim."); see also *Allstate Ins. Co. v. Madan*, 889

13  F.Supp. 374, 378–79 (C.D.Cal.1995)

14       Summary judgment should be granted "if the pleadings, the discovery and

15  disclosure materials on file, and any affidavits show that there is no genuine issue as

16  to any material fact and that the movant is entitled to judgment as a matter of

17  law." Fed.R.Civ.P. 56(c); *Celotex* 477 U.S. at 322.

18       The moving party bears the initial burden of demonstrating the absence of a

19  genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

20  256, (1986) Whether a fact is material is determined by looking to the governing

21  substantive law; if the fact may affect the outcome, it is material. Id. at 248. If the

22  moving party seeks summary adjudication with respect to a claim or defense

23  upon which it bears the burden of proof at trial, its burden must be satisfied by

24  affirmative, admissible evidence. By contrast, when the non-moving party bears the

25  burden of proving the claim or defense, the moving party can meet its burden by

26  pointing out the absence of evidence submitted by the nonmoving party. The

27  moving party need not disprove the other party's case. *Celotex*, 477 U.S. at 325.

28

P
M   PARKER
MILLS LLP

TRIAL LAWYERS
BUSINESS LAWYERS

If the moving party meets its initial burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ. P. 56(e).

## VI.   THE STATUTE OF LIMITATIONS BARS EACH OF THE CLAIMS AGAINST LNBYB

California's Code of Civil Procedure §340.6 establishes the one year statute of limitations for actions to be brought against attorneys. Since the alleged conduct dates back to as early as February 2012, and no later than July 2013, the Plaintiff's Complaint filed in August 2016, approximately 3 to 4 ½ after notice of the distributions made by LNBYB is far outside the applicable statute of limitations and all of the alleged claims by Plaintiff for relief are barred as a matter of law. All of them.

Section 340.6 provides, in pertinent part, that:

"An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission...."

Prior to 2015, a debate existed within the body of California case authority as to whether this is the statute of limitations applied only to claims of professional malpractice. See for example *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC,* 225 Cal.App.4th 660 , 170 Cal.Rptr.3d 431, and *David Welch Co. v. Erskine & Tulley*, 203 Cal.App.3d 884 250 Cal.Rptr. 339. However, this debate was resolved in the 2015 case of *Lee v. Hanley* 61 Cal.4th 1225 (2015) with the California Supreme Court confirming the one year limitation specifically rejecting both *Roger Cleveland Golf Co., Inc.* and *David Welch Co.* holding that:

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

In light of these observations, we conclude that  section 340.6(a) time bar applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services. In this context, a "professional obligation" is an obligation that an attorney has by virtue of being an attorney, such as fiduciary obligations, the obligation to perform competently, the obligation to perform the services contemplated in a legal services contract into which an attorney has entered, and the obligations embodied in the Rules of Professional Conduct.  By contrast, as the Court of Appeal observed, section 340.6(a) does not bar a claim for wrongdoing—for example, garden-variety theft—that does not require proof that the attorney has violated a professional obligation, even if the theft occurs while the attorney and the victim are discussing the victim's legal affairs. Section 340.6(a) also does not bar a claim arising from an attorney's performance of services that are not "professional services," meaning "services performed by an attorney which can be judged against the skill, prudence and diligence commonly possessed by other attorneys." (*Quintilliani v. Mannerino* 62 Cal.App.4th 54, 64, (1998)). *Lee v. Hanley*, supra at 1237.

In the case at bar **all** of the purported claims for relief against LNBYB, **even** those which purport to state claims for  conversion, fraud, and money had and received, arise out of the alleged failure of LNBYB to perform pursuant to its professional obligations in the underlying bankruptcy with regard to distribution of funds in the Class Action Reserve. LNBYB is not a party to the First District Court Case or the agreements between Plaintiff and the Yashouafars nor is it alleged anywhere in the complaint that LNBYB received or had the benefit of any of the transferred assets.

The **sole** reason LNBYB is a party to this current case is because Plaintiff alleges failures in  LNBYB's discharge of its "professional obligations" with respect

1604486.doc

P
M PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1   to the administration of distributions from the Class Action Reserve. As such, under

2   the *Lee* case, the one year limitations period set forth in California Code of Civil

3   Procedure §340.6 controls and bars any liability herein as each of the acts alleged in

4   the complaint in all of the claims for relief occurred well in excess of one year prior

5   to the date Abselet filed his complaint on August 22, 2016.  Accordingly the entire

6   Complaint as against LNBYB is barred by this statute of limitations.

7       **A.**    **The First Claim for Declaratory Relief as against LNBYB is (1)**

8              **barred by the applicable statute of limitations (California Code of**

9              **Civil Procedure §340.6), (2) improperly seeks a declaration as to**

10              **past distributions and (3) lacks specificity.**

11       The claim for relief for declaratory relief is improperly pled and therefore

12   fails as a matter of law for several reasons:

13       First, as indicted above, it is barred by the statute of limitations. Second, it

14   improperly seeks to obtain a declaration as to past distributions and not the future

15   rights of the parties. Third, it lacks specificity as to necessary facts and attempts to

16   apply the Declaratory Relief Act to certain enumerated "disputes" in which LNBYB

17   is not involved.  Since *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it is not

18   sufficient for Plaintiff to simply assert boilerplate statements of the elements of a

19   dispute, which is all that appears in the first claim for relief in the Complaint.

20   Indeed, here, the vague nature of the allegations makes it so indefinite as to prevent

21   defendants from framing a proper response. See generally, *Famolare, Inc. v. Edison*

22   *Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (ED CA 1981) . Specifically, the

23   Complaint seeks declaratory relief that the "[t]ransfers violated the terms of the

24   Irrevocable Instructions and the Plan", however, it fails to define "transfers" or

25   establish that the Letter was at all binding on LNBYB in light of the Plan

26   Confirmation Order  which expressly directed the manner in which funds would be

27   distributed from the Class Action Reserve.  There was no mechanism in the Plan

28   Confirmation Order to compel any distribution to Abselet.  The Plaintiff's Letter is

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1 | not a recognized exception to the distribution scheme, and Plaintiff has not even
2 | alleged that it is, or that it forms the basis for declaratory relief.

3 |       Furthermore, as to any distributions from the Class Action Reserve, they are
4 | not properly the subject of a declaratory relief action either. Not only is Plaintiff not
5 | a creditor under the Second Amended Chapter 11 Plan of Reorganization of RLL,
6 | but all of the transfers of which Plaintiff complains occurred in more than four years
7 | prior to the filing on this Complaint, long past the expiration of any statute of
8 | limitations.[2] There is nothing to declare as to the future rights and obligations of the
9 | parties. Declaratory relief is inappropriate for past actions because all alleged
10 | damages have already accrued (see *Ward v. Thom*as, 207 F.3d 35, 37 2d Cir, 1988.

11 |       Further, to the extent that the complaint seeks to state a claim with respect to
12 | the undefined "Transfers", declaratory relief would be redundant of other claims for
13 | relief and is therefore improper. "A claim for declaratory relief is unnecessary where
14 | an adequate remedy exists under some other cause of action." *Mangrindin v. Wash.*
15 | *Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal 2009) .

16 |       Ultimately, the claim that any distributions made under the Plan Confirmation
17 | Order were contrary to the "Irrevocable Instructions" fails based upon the text of
18 | those instructions. The fundamental problem with the instructions is that the
19 | Yashouafars did not have any right to a distribution from the Class Action Reserve,
20 | only RLI did. Plaintiff is not a judgment creditor of RLI, but rather only the
21 | Yashouafars, who did not own a controlling stake in RLI, and in any event the
22 | Yashouafars' interests were disputed by other members of RLI. In short, the
23 | "Irrevocable Instructions" were a flawed attempt to circumvent the fact that
24 | Plaintiff's counsel failed to secure a charging order against the Yashouafars and the

25 |
26 |

---

[2]   Abselet was provided notice that he would not receive any distributions from the Class Action Reserve in November 2012, so the Complaint filed more than 4 years after that was simply too late as a matter of law.

1604486.doc

DEFENDANT LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.'S
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

P
M | PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1  Yashouafars' interest, if any, in RLI. Thus, for each of the reasons stated above

2  LNBYB is entitled to summary judgment in its favor on this claim.

3      **B.**    **The Second Claim for Actual Fraudulent Transfers as against**

4          **LNBYB is barred by the applicable statutes of limitations**

5          **(California Code of Civil Procedure §340.6 and California Civil**

6          **Code §3439.04(a)(1).**

7       This second claim is based upon California's Civil Code §3439.04, generally

8  referred to as the Uniform Voidable Transactions Act.. By far the most significant

9  problem with this claim is that it is barred by the statute of limitations built into the

10  Uniform Fraudulent Transfer Act.  Section 3439.09  states in relevant part:

11      A cause of action with respect to a transfer or obligation under this chapter is

12      extinguished unless action is brought pursuant to subdivision (a) of §Section

13      3439.07  or levy made as provided in subdivision (b) or (c) of Section

14      3439.07:

15      (a) Under paragraph (1) of subdivision (a) of Section 3439.04 , ***within four***

16      ***years after the transfer was made or the obligation was incurred or, if later,***

17      ***within one year after the transfer or obligation was or could reasonably***

18      ***have been discovered by the claimant.***"  (Emphasis added.)

19       As described in detail above, Plaintiff knew or reasonably could have

20  discovered each of the transfers of which Plaintiff complains herein  more than a

21  year prior to the August 22, 2016 filing of this Complaint.  Recall that Plaintiff had

22  the general ledger and bank records of the Class Action Reserve account which

23  reflected distributions in February 2013, used these documents during the Judgment

24  Debtor Examination of LNBYB (as a third party witness) on June 10, 2013, and

25  used that information in the July 2013 in the Plaintiff's Motion filed with the

26  bankruptcy court seeking a distribution from the Class Action Reserve.  Without

27  explanation, the Complaint ignores these well-documented and undisputed facts, all

28

1  of which was readily known to Plaintiff.   However, the Court can take judicial

2  notice of these prior pleadings and grant summary judgment in favor of LNBYB.

3      **C.**    **The Third Claim for Common Law Actual Fraudulent Transfer as**

4              **against LNBYB is barred by the applicable statutes of limitations**

5              **(California Code of Civil Procedure §§ 340.6 and 338).**

6          Unlike the statutory fraudulent transfer claim described above, a common law

7  fraudulent transfer action in California is governed by a three-year statute of

8  limitations. California Code of Civil Procedure §338 (d) provides that an action for

9  relief on the ground of fraud or mistake is subject to a three-year statute of

10  limitations, not four. The Code goes on to note that "the cause of action in that case

11  is not deemed to have accrued until the discovery, by the aggrieved party, of the

12  facts constituting the fraud or mistake." In this case, by virtue of the allegations

13  made on behalf of Plaintiff the various pleadings of which this Court has been asked

14  to take judicial notice, the Court  can conclusively establish that Plaintiff was aware

15  of the facts constituting the alleged fraud or mistake more than three years prior to

16  the filing of this action on August 22, 2016.  Accordingly, this claim for relief is

17  barred as a matter of law and no artful pleading can avoid this result.

18      **D.**    **The Fourth Claim for Relief for breach of contract fails to establish**

19              **that LNBYB was a party to the contract it allegedly breached.**

20          This claim for relief erroneously presumes that the "Irrevocable Instructions"

21  constitute a contract to which LNBYB was a party. This is clearly not the case.

22  There are no allegations in the Complaint which support this proposition. Indeed,

23  there are no allegations in the Complaint which suggest that the "Irrevocable

24  Instructions" are themselves a contract at all, and certainly delivery of a document

25  does not elevate to being a contract either. The Complaint adequately establishes the

26  existence of a contract between Plaintiff and the Yashouafars (the Settlement

27  Agreement). However, the "Irrevocable Instructions" were created as a result of that

28  Settlement Agreement but is  not a contract independent of the Settlement

1604486.doc

14

P
M PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1  Agreement. Likewise, the Complaint is devoid of any allegations which support the

2  notion that the "Irrevocable Instructions" constitute a contract between Plaintiff and

3  LNBYB-- there is no suggestion of offer, acceptance, or consideration the

4  traditional requisite elements of a contract with regard to LNBYB.

5  Indeed, the Complaint itself tacitly acknowledges the inadequacies of the

6  purported claim for relief for breach of contract in the purported seventh claim for

7  relief in which Plaintiff states: "… In the event that it is determined that Levene

8  Neale is not a party to or otherwise bound by the contracts at issue…". (See,

9  Complaint at ¶ 97.)  Clearly, summary judgment should be granted for this facial

10  failure to state a claim against LNBYB.

11  **E.    The Fifth Claim for Relief fails to allege the elements of a**

12  **Conversion and is barred by the applicable statutes of limitations.**

13  **1.    This Claim Fails to Allege a Conversion as a Matter of Law**

14  In order to set forth a claim for conversion, the Complaint must set forth: (1) a

15  plaintiff's ownership or right to possession of property; (2) defendant's disposition

16  of that property in a manner inconsistent with such property rights; and (3) damages.

17  *Lee v. Hanley* , supra at 1240. Here, the complaint alleges no more than that Plaintiff

18  had a contractual right to payment from the Yashouafars, if/when they received any

19  disbursement from RLI from the Class Action Reserve fund. The Complaint does

20  not allege that Plaintiff had an ownership interest in any disbursement of those funds

21  to RLI prior to Plaintiff's alleged acquisition of the Yashouafars' equity interest in

22  RLI (which was three years after the Letter and not relevant to the analysis here).

23  A mere contractual right of payment, without more, will not suffice to state a

24  claim for conversion. For example, in *Imperial Valley Co. v. Global Grain and*

25  *Milling Co.* 187 Cal. 352 (1921) the tenant entered into an agreement to raise crops

26  on leased land and to pay the landlord one fourth of the crop as rental. However, the

27  tenant sold the entire crop and the proceeds were used to pay other debts of the

28  tenant.  The landlord brought an action for conversion. The Supreme Court

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1  concluded no claim was stated because the rental agreement established no title to or

2  lien upon the crop but only established the measure of damages for breach of

3  contract (Id. at pp 353-354). Abselet suffers the same problem here, and this claim

4  fails as a matter of law.

### 2.    Statute of Limitations

6         In addition to the pleading defects noted in section (1) above, under Code of

7  Civil Procedure, § 338, subdivision (c) which applies to the conversion of personal

8  property, there is a three year limitations period for "actions for taking, detaining or

9  injuring any goods or chattels." *AmerUS Life Ins. Co. v. Bank of Am., N.A.* 143

10  Cal.App.4th 631, 639 (2006) as modified (Oct. 30, 2006). Here, the alleged

11  conversions all occurred almost 4 years (or more) prior to the filing of the

12  Complaint, and Plaintiff complained about the same to the Bankruptcy Court more

13  than three years prior to the filing of the Complaint. The claim is, therefore, time-

14  barred and summary judgment should be granted.

### F.    The Sixth Claim for Relief for money had and received fails to allege the elements of the cause of action and is barred by the statute of limitations.

### 1.    No Claims Stated

19         Even if not time-barred, this claim would necessarily fail. "A claim for relief

20  is stated for money had and received if the defendant is indebted to the plaintiff in a

21  certain sum for money had and received by the defendant for the use of the

22  plaintiff." *Schultz v. Harney*, 27 Cal.App.4th 1611, 1623 (1994) . Here, LNBYB is

23  not alleged to have been indebted to Plaintiff. Thus, no claim is properly stated

24  against LNBYB and summary judgment should be granted.

### 2.    Statute of Limitations

26         As with the claim for conversion, a claim for Money Had and Received is

27  covered by the three-year statute of limitations set forth in California Code of Civil

28  Procedure § 338. The transfers at issue all occurred almost 4 years (or longer) and

P
M
PARKER
MILLS LLP
TRIAL LAWYERS
BUSINESS LAWYERS

1 Plaintiff had notice of those transfers at or about the time that they were made.

2 Indeed, Plaintiff complained about this transfers to the Bankruptcy Court in July

3 2013, more than three years prior to the filing of the Complaint. This claim is

4 therefore time-barred and summary judgment should be granted.

5      **G.     The Seventh Claim for intentional interference with contract is**

6      **barred by the statute of limitations.**

7      It is well recognized that the statute of limitations for tortious interference

8 with contract in California is two years. As stated in <u>DC Comics v. Pac. Pictures.</u>

9 <u>Corp</u>., 938 F. Supp. 2d 948 (C.D. Cal. 2013):

10      The statute of limitations for tortious interference with contract in California

11      is two years. <u>Kiang v. Strycula</u>, 231 Cal.App.2d 809, 811–12, 42 Cal.Rptr.

12      338 (1965); see Cal. Civ. Proc. Code § 339(1) . A tortious-interference claim

13      typically accrues "at the date of the wrongful act." <u>Trembath v. Digardi</u>, 43

14      Cal.App.3d 834, 836, 118 Cal.Rptr. 124 (1974). But in no event does a claim

15      accrue "later than the actual breach of the contract by the party who was

16      wrongfully induced to breach," because the breach is the culmination of the

17      alleged wrong. Id.

18      Here, the alleged breach occurred almost 4 years (or longer) prior to the filing

19 of the Complaint, and Plaintiff complained about the breach to the Bankruptcy

20 Court in July 2013 more than three years prior to the filing of the Complaint. The

21 claim is, therefore, time-barred and summary judgment should be granted.

22      **H.     The Eighth Claim for Relief (fraudulent transfers and- conversion-**

23      **shareholder derivative) is barred for all reasons stated above and**

24      **because Plaintiff was not a shareholder at the time of the alleged**

25      **transfers or conversions.**

26      This claim is literally derivative of each of the previously stated claims and

27 fails for each of the reasons stated above.

28



1604486.doc

DEFENDANT LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.'S
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Additionally, this claim fails because it is apparent on the face of the Complaint that Plaintiff was not an equity holder in RLI at the time of any of the transfers or conversions complained of in the Complaint. California's Corporations code §800 provides in relevant part that:

(b) No action may be instituted or maintained in right of any domestic or foreign corporation by any holder of shares or of voting trust certificates of the corporation unless both of the following conditions exist:

(1)     The plaintiff alleges in the complaint that plaintiff was a shareholder, of record or beneficially, or the holder of voting trust certificates *at the time of the transaction or any part thereof* of which plaintiff complains or that plaintiff's shares or voting trust certificates thereafter devolved upon plaintiff by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of; provided, that any shareholder who does not meet these requirements may nevertheless be allowed in the discretion of the court to maintain the action on a preliminary showing to and determination by the court, by motion and after a hearing, at which the court shall consider such evidence, by affidavit or testimony, as it deems material, that (i) there is a strong prima facie case in favor of the claim asserted on behalf of the corporation, (ii) no other similar action has been or is likely to be instituted, *(iii) the plaintiff acquired the shares before there was disclosure to the public or to the plaintiff of the wrongdoing of which plaintiff complains,* (iv) unless the action can be maintained the defendant may retain a gain derived from defendant's willful breach of a fiduciary duty, and (v) the requested relief will not result in unjust enrichment of the corporation or any shareholder of the corporation; and

(2)     The plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort, and alleges further that plaintiff has either informed the corporation or the board in writing of the ultimate facts of each cause of action

against each defendant or delivered to the corporation or the board a true copy of the complaint which plaintiff proposes to file. [Emphasis added]

Here, Plaintiff admits in the Complaint that he did not purportedly acquire shares in RLI until this year (Complaint ¶33), yet he complains of alleged wrongs that occurred well prior to that time.  Accordingly, this claim fails as a matter of law as well and summary judgment in favor of LNBYB is appropriate.

## VII.  CONCLUSION

For the foregoing reasons, LNBYB respectfully requests this Court grant summary judgment in its favor and against Plaintiff pursuant to FRCP 56 .

DATED:  May 17, 2017               **PARKER MILLS LLP**

By: _____/s/ Joel A. Osman_____

Joel A. Osman
Attorneys for Defendants
**LEVENE, NEALE, BENDER, YOO & BRILL, LLP, a California limited liability partnership**